98950-7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. _____**

JEANNETTE ALVAREZ,

   Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.,

   Defendant.

_____/

## NOTICE OF REMOVAL BY DEFENDANT ROSS DRESS FOR LESS, INC.

COMES NOW Defendant, ROSS DRESS FOR LESS, INC. ("ROSS"), by and through the undersigned counsel, and hereby files its Notice of Removal to this Court of the above-styled action pursuant to 28 U.S.C. section 1441(b) and 1446(a), and 28 U.S.C. section 1332, and as support thereof, ROSS avers as follows:

1.    ROSS is the sole Defendant in a civil action brought against it in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Alvarez, Jeannette v. Ross Dress for Less, Inc.,* Case No. 2020-017904-CA-01.  A true and correct copy of all process, and pleadings served upon ROSS is attached hereto as Composite Exhibit "A" in compliance with 28 U.S.C. section 1447 (b).

2.    This action involves Plaintiff's alleged personal injuries sustained as a result of an alleged incident at ROSS's store located at 13780 SW 56th Street, Miami, FL 33175, on or about July 25, 2019 (hereinafter "subject incident"). (*See generally* Compl.) (attached hereto as part of Composite Ex. A.).

CASE NO. 2020-017904-CA-01 (CA 02)

3.      Plaintiff's Complaint was served on ROSS on December 4, 2020.  (*See* Return of Service dated Dec. 5, 2020.)  However, the Complaint did not state the amount in controversy, or contain any other means by which ROSS could diligently ascertain the amount in controversy.

4.      As such ROSS served Plaintiff with its Request for Admissions dated January 8, 2021, wherein Ross asked Plaintiff to "admit" or "deny" the damages sought by her in this exceed the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. (*See* Request for Admissions ¶ 2. (attached hereto as Composite Ex. B))

5.      On February 10, 2021, Plaintiff submitted her Response to ROSS' Request for Admissions admitting that the total damages she is seeking in this case exceed $75,000.00. (*See* Pl.'s Resp. Def.'s Request for Admissions ¶ 2. (attached hereto as part of Composite Ex. B)). It was not until February 10, 2021, when Plaintiff submitted her Response to ROSS' Request for Admissions that Plaintiff admitted for the first time the amount in controversy exceeded $75,000.00.   And, because Plaintiff did not include an allegation regarding her residency in the Complaint, it was not until February 10, 2021, that Ross first learned she was a citizen of the state of Florida.  (*Id*., ¶ 1).

6.      Pursuant to 28 U.S.C. section 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, or other paper from which it may be ascertained that the case is one which is or has become removable."  28 U.S.C. section 1446(b)(3).  Moreover, "[c]ourts have held that responses to request for admissions … between parties can be 'other paper' under 28 U.S.C. section 1446(b)."  *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013) (citations omitted) (collecting cases).

CASE NO. 2020-017904-CA-01 (CA 02)

7.    Because ROSS fist ascertained the case was subject to removal when it received Plaintiff's Response to Request for Admissions on February 10, 2021, this Notice of Removal is timely. *See Lambert*, 918 F. Supp. 2d at 1286 (finding the proper triggering document of the thirty-day clock contained in 28 U.S.C. section 1446(b) was the plaintiff's response to Defendant's request for admissions concerning the amount in controversy); s*ee also Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013) (explaining the amount in controversy requirement of section 1446(b)(3) "commences *only* when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums" (emphasis in original)).

8.    Additionally, Plaintiff resides in Florida. (*See* Pl.'s Resp. Def.'s Request for Admissions ¶ 1).  To be a "citizen" of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).  In determining domicile, a court should consider both positive evidence and presumptions. *Id.*  One such presumption is that the state in which a person resides at any given time is also that person's domicile. *Id.*  Therefore, Plaintiff's citizenship in the State of Florida is assumed for diversity purposes.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (explaining that "[c]itzenship is the equivalent to domicile for purposes of diversity jurisdiction.").

9.    ROSS is a foreign corporation doing business in Florida and incorporated under the laws of the State of Virginia with its principal place of business in the State of California. Accordingly, pursuant to 28 U.S.C. section 1332(c)(1), Ross is, and was at the time of the commencement of this action, a citizen of the State of Virginia because it is a corporation organized under the laws of the State of Virginia.  In addition, Ross is also a citizen of the State

CASE NO. 2020-017904-CA-01 (CA 02)

of California because its principal place of business is located at 5130 Hacienda Drive, Dublin, CA 94568.  As evidence to support ROSS's assertion that diversity of citizenship exists in this case, ROSS has included the Florida Department of State, Division of Corporations Detail for itself (attached hereto as Exhibit C).

10.      Consequently, this Court has original jurisdiction over the aforementioned matter pursuant to 28 U.S.C. section 1332, as this action involves: (1) citizens of different states, and (2) an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

11.      Pursuant to procedural requirements for removal set forth in 28 U.S.C. section 1446(d), ROSS will file a Notice of Filing Notice of Removal with the Clerk of Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, and will provide written notice of this Notice of Removal to all parties via e-service.  A copy of the Notice of Filing is attached hereto. (*See State Court Notice of Removal* (attached hereto as Exhibit D)).

12.      As stated above, true and correct copies of all documents filed in the state action are attached hereto as Exhibit "A."  *See* 28 U.S.C. section 1447 (b).

13.      Venue in this Court is proper pursuant to 28 U.S.C. section 1441(a), as this action is being removed from the state court in which it was originally filed — the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, Florida — to the District Court of the United States for the district and division in which such action is pending, the Southern District of Florida.

WHEREFORE Defendant, ROSS DRESS FOR LESS, INC., respectfully requests that the above action now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, be removed therefrom to this Honorable Court because the citizenship

CASE NO. 2020-017904-CA-01 (CA 02)

of the parties is diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

Dated:  March 4, 2021.

Respectfully submitted,

*/s/ Jason A. Glusman*
Jason A. Glusman, Esquire (0419400)
JGlusman@wickersmith.com
William M. Bromley, Esquire (123502)
WBromley@wickersmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Ross Dress for Less, Inc.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 4, 2020, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ William M. Bromley*
William M. Bromley, Esquire

## SERVICE LIST

Jason R. Brenner, Esquire
Steinlaw, P.A.
17971 Biscayne Boulevard, Suite 216
Aventura, FL 33160
Telephone:     (786) 230-3819
Facsimile:      (305) 627-3302
jbrenner@steinlaw.com;
assistant@thebrennerlawfirm.com; bstein@steinlaw.com