Filing # 112210984 E-Filed 08/21/2020 04:05:27 PM

IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.:

JEANNETTE ALVAREZ

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jeannette Alvarez (hereinafter "Plaintiff"), by and through undersigned counsel and in accordance with the Florida Rules of Civil Procedure, hereby sues the Defendant, Ross Dress for Less, Inc. (hereinafter "Ross"), for money damages and alleges:

1. This is an action for damages which exceeds thirty thousand ($30,000.00) dollars, exclusive of interest, costs, and attorney's fees.

2. At all material times hereto, Plaintiff were and are over the age of 18 and are otherwise *sui juris*.

3. At all material times, Ross was a foreign for-profit corporation licensed, authorized, and doing business in the State of Florida.

4. At all material times, Ross had sole control over the premises with respect to design, installation, maintenance, repairs, and renovations of the footwear department of the commercial property located at 13780 SW 56th Street, Miami, FL 33175.

5. At all material times, Ross had a non-delegable duty or assumed the duty to maintain a reasonably safe premises free from dangerous conditions.



6. At all material times, Ross had a non-delegable duty and/or assumed the duty to inspect and warn and correct dangerous conditions it created to prevent serious injury or death to business invitees, such as Plaintiff.

7. On or about July 25, 2019, Plaintiff was a business invitee who was lawfully on the premises located at 13780 SW 56th Street, Miami, FL 33175.

8. On July 25, 2019, Plaintiff slipped and fell after trying on shoes in the footwear department of the Ross Dress for Less store located at 13780 SW 56th Street, Miami, FL 33175.

9. On or about July 25, 2019, Plaintiff suffered severe and permanent injuries to her right ankle as a result of said dangerous conditions created by Ross.

10. Venue is proper in Miami-Dade County, FL because Defendants are corporations doing business in Miami-Dade County, FL and the accident occurred on property located in Miami-Dade County, FL.

**COUNT I**
**NEGLIGENCE CLAIM AGAINST ROSS**

11. Plaintiff readopts and realleges paragraphs 1-11 as though contained herein.

12. At all material times, Ross owed the non-delegable duties to its invitees and the public, to exercise reasonable and ordinary care to maintain the Premises in a condition reasonably safe for use by its invitees, and the public, to correct said dangerous conditions, and to warn of any dangerous or unsafe conditions, which it knew or reasonably should have known existed.

13. Ross, by and through its agents, servants, and employees breached its duties by creating or allowing to be created, a dangerous condition, in one or more of the following ways:

    A. Failing to maintain the common areas and/or installing shoe racks in the common areas in a negligent manner;

B. Failing to inspect the premises in a reasonable manner to avail itself to the dangerous condition;

C. Failing to warn patrons of the dangerous condition;

D. Failing to correct the dangerous condition in the form of installing shoe racks over linoleum flooring in the common area;

E. Failing to adhere to retail industry standards with respect to the proper materials, design and installation of footwear departments;

F. Paragraphs 13(A-E) individually or collectively caused or contributed to the injuries to Plaintiff described herein.

14. Further, Ross, by and through its agents, servants, or employees carelessly and negligently failed to have any procedures governing the inspection and correction of dangerous conditions on the premises.

15. At all material times, Ross was under actual and constructive notice of the existence of the dangerous condition on its premises in that:

A. Ross, by and through, its agents, servants, or employees negligently created dangerous conditions described above prior to the incident and should have known that the conditions it created posed an unreasonable risk of harm to the public and its business invitees, such as Plaintiff.

16. As a direct and proximate result of Ross's negligence, Plaintiff slipped and fell, and suffered serious injuries that resulted in pain and suffering, disability, disfigurement, mental anguish, aggravation of a pre-existing disease or condition, and the loss of the capacity for the enjoyment of life; incurred medical expenses in the treatment of her injuries, loss of earnings, loss of earning capacity, and has incurred other costs and expenses in maintaining this cause of action.

The injuries are permanent in nature and Plaintiff will suffer these losses and impairments in the future.

WHEREFORE, Plaintiff Jeannette Alvarez, sues the Defendant Ross Dress for Less, Inc. and demands judgment against it for damages exclusive of attorney's fees, costs, and interest in an amount in excess of the jurisdictional limits of this Court, and any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Jeannette Alvarez, demand a trial by jury on all issues so triable as a matter of right.

Respectfully Submitted on August 21, 2020.

                                                  **STEINLAW, P.A.**
                                                  Attorney for the Plaintiff
                                                  17971 Biscayne Boulevard, Suite 216
                                                  Aventura, FL 33160
                                                  Office: 786-230-3819
                                                  Fax:    305-627-3302

                                                  BY:    */s/ Jason R. Brenner*
                                                             JASON R. BRENNER, ESQ.
                                                             Florida Bar No.: 86731
                                                             jbrenner@steinlaw.com
                                                             BRANDON E. STEIN, ESQ.
                                                             Florida Bar No.: 88302
                                                             bstein@steinlaw.com

Filing # 117344048 E-Filed 11/30/2020 11:10:22 AM

IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 2020-017904-CA-01(CA02)

JEANNETTE ALVAREZ

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC.,

    Defendant.

_____/

THE STATE OF FLORIDA:

TO: Each Sheriff of the State

YOU ARE HEREBY COMMANDED to service this Summons and a copy of the Complaint in this action on Defendant:

ROSS DRESS FOR LESS, INC.
R/A CT CORPORATION SYSTEM
1200 South Pine Island Road
Plantation, FL 33324

Each Defendant is required to service written defenses to the Complaint or Petition on Plaintiff's attorney, whose address is:

STEINLAW, P.A.
20807 Biscayne Blvd. Suite 200
Aventura, FL 33160
Tel. No.: (786)230-3819

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
DATED this 30th day of November 2020.

12/1/2020

HARVEY RUBIN
As Clerk of said Court
By: _____308760_____
(Court Seal)



Filing # 117712050 E-Filed 12/05/2020 04:13:06 PM

## RETURN OF SERVICE

**State of Florida**  **County of Miami-Dade**  **Circuit Court Court**

Case Number: 2020-017904-CA-01

Plaintiff:
**JEANNETTE ALVAREZ**

vs.

Defendant:
**ROSS DRESS FOR LESS, INC.,**

For:
Jason Brenner, Esq.
THE BRENNER LAW FIRM, P.A.
9990 Sw 77th Avenue
Suite 220
Miami, FL 33156

Received by Action Legal Process & Investigative Group on the 4th day of December, 2020 at 7:35 am to be served on **ROSS DRESS FOR LESS, INC., BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, Joseph S. Marker, do hereby affirm that on the **4th day of December, 2020 at 10:56 am, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **Summons, Civil Cover Sheet, Notice of Designation of Email Address, Plaintiff's Notice of Taking Video Deposition and Complaint and Demand for Jury Trial** with the date and hour of service endorsed thereon by me, to: **MONICA MYRICK AS CLERK FOR CT CORPORATION SYSTEM** as **REGISTERED AGENT** at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, who stated they are authorized to accept service for **ROSS DRESS FOR LESS, INC.,**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 34, Sex: F, Race/Skin Color: Black, Height: 5'6", Weight: 130, Hair: Black, Glasses: N

I, being first duly sworn, on oath deposes and states: That I am a citizen of the United States, over the age of eighteen, not a party to nor interested in the above entitled action and have the proper authority in the jurisdiction in which this service was made. Pursuant to Chapter 48 of Florida Statutes.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and accurate. Notary not required pursuant to FL Statute 92.525.

Joseph S. Marker
S.P.S # 613

Action Legal Process & Investigative Group
11859 SW 248th Terrace
Miami, FL 33032
(305) 479-6386

Our Job Serial Number: MEL-2020000884
Ref: Alvarez

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1w

Filing # 119332799 E-Filed 01/08/2021 04:51:36 PM

98950-7

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JEANNETTE ALVAREZ,   CIRCUIT CIVIL DIVISION

    Plaintiff,   CASE NO. 2020-017904-CA-01 (CA 02)

vs.

ROSS DRESS FOR LESS, INC.,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, ROSS DRESS FOR LESS, INC. ("ROSS"), by and through undersigned counsel, and hereby files this, its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. ROSS states that Paragraph 1 contains jurisdictional statements to which no answer is required. To the extent an answer is required, ROSS admits that this is an action for alleged damages in excess of $30,000.00, but denies that Plaintiff is entitled to damages in excess of $30,000.00.

2. ROSS is without knowledge as to allegations contained within Paragraph 2, therefore denied and demands strict proof thereof.

3. ROSS admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. ROSS denies the allegations in Paragraph 4, and demands strict proof thereof.

5. ROSS denies the allegations in Paragraph 5, as phrased, and demands strict proof thereof.

6. ROSS denies the allegations in Paragraph 6, as phrased, and demands strict proof thereof.

CASE NO. 2020-017904-CA-01 (CA 02)

7. ROSS is without knowledge as to allegations contained within Paragraph 7, therefore denied and demands strict proof thereof.

8. ROSS denies the allegations in Paragraph 8, and demands strict proof thereof.

9. ROSS denies the allegations in Paragraph 9, and demands strict proof thereof.

10. ROSS admits only that alleged accident occurred in Miami-Dade County, Florida for purposes of venue.

## COUNT I
## NEGLIGENCE AGAINST ROSS

11. ROSS adopts and reasserts its responses to Paragraphs 1-10 of the Plaintiff's Complaint as if fully set forth herein.

12. ROSS denies the allegations in Paragraph 12, as phrased, and demands strict proof thereof.

13. ROSS denies the allegations in Paragraph 13, and all its subparts, and demands strict proof thereof.

14. ROSS denies the allegations in Paragraph 14, and demands strict proof thereof.

15. ROSS denies the allegations in Paragraph 15, and demands strict proof thereof.

16. ROSS denies the allegations in Paragraph 16, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state claims upon which relief may be granted against ROSS.

2. The claims asserted in the Plaintiff's Complaint are barred to the extent that the Court lacks subject matter jurisdiction over those claims.

CASE NO. 2020-017904-CA-01 (CA 02)

3. ROSS is entitled to a setoff of all sums of money received by judgment, settlement, workers' compensation or otherwise by Plaintiff, from any party or non-party to this action for the damages and injuries to Plaintiff as a result of the incident described in Plaintiff's Complaint.

4. The claims asserted in the Plaintiff's Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

5. ROSS alleges the damages and injuries to the Plaintiff were caused in whole or in part by third parties. This defense has been adopted based on the reasoning outlined by the court in *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996) and *Fabre v. Marin*, 623 So. 2d 1118 (Fla. 1993), the provisions of Florida's Tort Reform Act, Florida Statutes Section 768.71 et. seq., and the provisions of the Florida's Uniform Contribution Among Tortfeasors Act, Florida Statutes Section 768.31 et. seq.

6. ROSS states that Plaintiff was guilty of negligence and the Plaintiff's negligence was the sole, proximate cause or contributing cause of the damages and injuries complained of and the recovery, if any, should be barred or reduced proportionately pursuant to the doctrine of comparative negligence.

7. Plaintiff's pre-existing emotional, psychological, and physical condition prior to the alleged acts of misconduct was such that ROSS'S act(s) or omission(s), if any, did not proximately cause or contribute in any manner to Plaintiff's alleged injuries and/or damages and ROSS may not be held liable for any such alleged injuries or damages.

CASE NO. 2020-017904-CA-01 (CA 02)

8. ROSS alleges that Plaintiff's damages, if any, for past medical expenses are limited to that amount actually paid or owed to the health care providers, and specifically, are not equal to the amounts charged by those health care providers.

9. ROSS states that any recovery by Plaintiff herein should be diminished by the amount of all benefits which Plaintiff has received from collateral sources as defined by Section 768.76, Florida Statutes.

10. ROSS states that it had no constructive or actual notice of the alleged dangerous condition or defect or, alternatively, that such condition or defect was open and obvious to the Plaintiff.

11. At the time and place alleged in the Complaint, the condition of which Plaintiff complains was open and obvious and Plaintiff was guilty of negligence and/or assumed the risk which proximately caused or proximately contributed to any injuries or damages which Plaintiff sustained, if any, and therefore, any award to which the Plaintiff may be entitled should be either barred or reduced proportionately pursuant to the doctrine of comparative negligence.

12. ROSS states that at all material times, the Plaintiff knew, or in the exercise of reasonable care should have known, of the potential hazards and dangers of which the Plaintiff complains, and thereafter the Plaintiff voluntarily chose to remain exposed to said potential hazards and dangers, therefore the Plaintiff cannot recover from ROSS.

13. ROSS states that the Plaintiff failed to observe and follow warnings and instructions and any damages alleged in the Complaint are a result of this failure and therefore, any award to which the Plaintiff may be entitled should be either barred or reduced accordingly pursuant to the doctrine of comparative negligence.

CASE NO. 2020-017904-CA-01 (CA 02)

14. ROSS affirmatively asserts that pursuant to *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014), the negligent mode of operation theory is no longer viable to sustain a claim, and inapplicable to the Plaintiff's alleged incident. Thus, paragraph 14 of Plaintiff's Complaint should be stricken.

14. ROSS intends to rely on such other defenses that may become available or apparent during the course of discovery in this case. ROSS expressly reserves the right to amend its Answer and Affirmative Defenses to assert any and all such defenses.

## DEMAND FOR JURY TRIAL

ROSS DRESS FOR LESS, INC., demands a trial by jury of all issues so triable as of right by a jury.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jason R. Brenner, Esquire, jbrenner@steinlaw.com; assistant@thebrennerlawfirm.com ; bstein@steinlaw.com; on this 8th day of January, 2021.

/s/ *Jason A. Glusman*
Jason A. Glusman, Esquire
Florida Bar No. 0419400
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Ross Dress for Less, Inc.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com