**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-20893-BLOOM/Otazo-Reyes**

JEANETTE ALVAREZ,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC. and
CONNECTED SERVICES
NORTH AMERICA, LLC,

    Defendants.

_____/

**ORDER TO SHOW CAUSE**

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiff's Amended Complaint, ECF No. [18] ("Amended Complaint"), following the reassignment of this case to the undersigned. The Court has carefully reviewed the allegations in the Amended Complaint, the record in this case, the applicable law, and is otherwise fully advised.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

Plaintiff initiated this action on August 21, 2020, in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-1]. On March 4, 2021, Defendant Ross Dress for Less, Inc.—the sole defendant at the time—removed the case to federal court. ECF No. [1]. On May 5, 2021, Plaintiff filed the Amended Complaint, adding Defendant Connected Services North America, LLC as a defendant. ECF No. [18]. The Amended Complaint in this case states that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. *Id.* ¶ 1. The Amended Complaint further alleges that, "[a]t all material times, Defendant Connected Services [North America, LLC] is and was foreign for-profit limited liability company licensed, authorized, and doing business in the State of Florida." *Id.* ¶ 5.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

"[F]or the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a 'citizen' under 28 U.S.C. § 1332(a) in its own right." *First Home Bank*, 2020 WL 802518, at *2 (citing *Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987)). Rather, the

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

2

longstanding rule is that "the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). With regard to the existence of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Id.* (citing *Carden*, 494 U.S. at 195-96). "Therefore, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d at 1022).

The jurisdictional allegations set forth within Plaintiff's Amended Complaint are insufficient because they fail to adequately establish the citizenship of Defendant Connected Services North America, LLC. Specifically, Plaintiff does not identify the members of the "limited liability company [or] their respective states of citizenship." *First Home Bank*, 2020 WL 802518, at *2 (citing *Rolling Greens MHP, L.P.*, 374 F.3d at 1022). As explained above, however, "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership," and if the party invoking the court's jurisdiction fails to do so, they cannot satisfy their burden of establishing diversity of citizenship. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022. Thus, to the extent that Plaintiff maintains her position that the Court can exercise diversity jurisdiction in this case, "the Court lacks sufficient information to satisfy the jurisdictional inquiry," and concludes that supplemental citizenship information is warranted. *First Home Bank*, 2020 WL 802518, at *2.

Accordingly, it is **ORDERED AND ADJUDGED** that, **on or before June 18, 2021**,

Case No. 21-cv-20893-BLOOM/Otazo-Reyes

Plaintiff shall provide the Court with a detailed statement setting forth the proper basis for invoking this Court's diversity jurisdiction. Plaintiff should place particular emphasis on the issue of Defendant Connected Services North America, LLC's citizenship as an unincorporated business entity and include information on the citizenships of all of its members. **Failure to timely comply will result in the imposition of sanctions, including, but not limited to, dismissal without prejudice, without further notice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record